**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FEB 2 0 2020

JAMES W. McCORMACK, CLERK
By:_____
                           DEP CLERK

**ANDREA SIERRA and LINDSAY BOWES,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

**PLAINTIFFS**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

VS.

No. 4:20-cv- _170 - JM_

**AMCARE SENIOR LIFE PARTNERS, INC.**

**DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Andrea Sierra and Lindsay Bowes (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Amcare Senior Life Partners, Inc. ("Defendant"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay a proper minimum wage under the FLSA and the AMWA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.    Plaintiff Andrea Sierra ("Sierra") is an individual and resident of Yell County.

8.    Sierra worked for Defendant as a Home Health Aide from October of 2019 until February of 2020.

9.    Plaintiff Lindsay Bowes ("Bowes") is an individual and resident of Pope County.

10.    Bowes worked for Defendant as a Home Health Aide from September of 2019 to February of 2020.

11.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

12.     At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*, and the AMWA, A.C.A. § 11-4-201, *et seq.*

13.     Defendant is a domestic, for-profit corporation.

14.     Defendant's primary business is in-home personal care for seniors, individuals recuperating from surgery, or individuals with disabilities.[1]

15.     Defendant's registered agent for service is Monty Kasselman, at 1106 West B Street, Russellville, Arkansas 72801.

16.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

17.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.     FACTUAL ALLEGATIONS

19.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

20.     At all relevant times herein, Defendant directly hired Home Health Aides to work on its behalf, paid them wages and benefits, controlled their work schedules,

---

[1]         *See* http://www.youramcare.com/ (last visited Feb. 18, 2020).

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21.    As Home Health Aides, Plaintiffs performed duties on Defendant's behalf such as preparing food for clients and cleaning their homes.

22.    At all relevant times herein, Plaintiffs worked out of Defendant's location in Russellville, but spent most of the day at clients' residences.

23.    Defendant required each Home Health Aide to undergo training in order to work as a Home Health Aide.

24.    This training was comprised of approximately four hours of in-person training, plus an online portion which the Home Health Aides completed at home which took anywhere from thirteen to thirty hours to complete.

25.    Defendant did not pay Home Health Aides for the in-person training nor the online training.

26.    Defendant's failure to pay Plaintiffs and similarly situated Home Health Aides for the training resulted in off-the-clock hours for which they were not compensated.

27.    Defendant knew or should have known that Plaintiffs and similarly situated Home Health Aides were working hours off-the-clock for which they were not compensated.

28.    At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of minimum wages for all of the hours they engaged in mandatory, uncompensated training.

29.     Defendant deducted fifty dollars ($50.00) from each of Sierra's final two paycheck for a "Termination Fee," and deducted two dollars ($2.00) from each of her final two paychecks as a "PR Check Handling Fee."

30.     Defendant's deductions from Sierra's final paycheck caused her hourly rate to fall below the AMWA minimum wage.

31.     Defendants knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

32.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Minimum wages for all hours spent in uncompensated training;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

34.     Plaintiffs propose the following class under the FLSA:

**All Home Health Aides who participated in
training in the last the three years.**

35.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

36.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.      They were subject to Defendant's common policy requiring Home Health Aides to engage in training for which they were not compensated; and

B.      They had substantially similar job duties, requirements, and pay provisions.

38.     Plaintiffs are unable to state the exact number of the class but believes that the class is exceeds fifty (50) persons.

39.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

40.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

41.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

42.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

43.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46.    Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

47.    Defendant failed to pay Plaintiffs for all hours worked, resulting in minimum wage violations for all hours the Plaintiffs spent in uncompensated training.

48.    Defendant knew or should have known that its actions violated the FLSA.

49.    Defendant's conduct and practices, as described above, were willful.

50.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

51.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

53.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57.     Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the minimum wage provisions of the FLSA.

58.     Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, resulting in minimum wage violations for all hours the Plaintiffs spent in uncompensated training.

59.     Defendant knew or should have known that its actions violated the FLSA.

60.     Defendant's conduct, as described above, has been willful.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

62.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

64.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

65.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

66.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee

meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68.     Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

69.     Defendant failed to pay Plaintiffs for all hours worked, resulting in minimum wage violations for all hours the Plaintiffs spent in uncompensated training.

70.     Defendant also failed to pay Plaintiff Sierra a sufficient minimum wage during her final two pay periods due to the deductions from her final paychecks.

71.     Defendant knew or should have known that its practices violated the AMWA.

72.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

73.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Andrea Sierra and Lindsay Bowes, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANDREA SIERRA and LINDSAY BOWES, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
Lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANDREA SIERRA and LINDSAY BOWES,**              **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                       No. 4:20-cv-_____

**AMCARE SENIOR LIFE PARTNERS, INC.**              **DEFENDANT**

## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

I was employed as an hourly worker for Amcare Senior Life Partners, Inc. within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_Andrea Sierra_
**ANDREA SIERRA**
February 20, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANDREA SIERRA and LINDSAY BOWES,**                                    **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                          No. 4:20-cv-_____

**AMCARE SENIOR LIFE PARTNERS, INC.**                                  **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Amcare Senior Life Partners, Inc. within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**LINDSAY BOWES**
February 20, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**