IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LINDSAY BOWES**                                                                                          **PLAINTIFF**

vs.                                             No. 4:20-cv-170-JM

**AMCARE SENIOR LIFE PARTNERS, INC.**                                    **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND FOR DISMISSAL WITH PREJUDICE

COME NOW Plaintiff Lindsay Bowes and Defendant AmCare Senior Life Partners, Inc., by and through their undersigned counsel, and for their Joint Motion for Approval of Settlement and for Dismissal with Prejudice, state as follows:

1. Plaintiff initiated this action on February 20, 2020. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *Id*., ¶ 1. Plaintiff alleged that she was not paid a proper minimum wage for all hours worked because of mandatory training performed "off-the-clock." *Id.* Defendant disputes that Plaintiff was not lawfully compensated for all hours worked, thereby creating a bona fide dispute as to wages owed.

2. Following extensive negotiations between counsel, the parties entered into a Settlement Agreement and General Release ("Settlement Agreement") resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

Page 1 of 5
Lindsay Bowes, et al. v. AmCare Senior Life Partners, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-170-JM
Joint Motion for Approval of Settlement and for Dismissal with Prejudice

3. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

4. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

5. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

Page 2 of 5
Lindsay Bowes, et al. v. AmCare Senior Life Partners, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-170-JM
Joint Motion for Approval of Settlement and for Dismissal with Prejudice

6. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial.  This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation.  Plaintiff has specifically considered the potential value of her own claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims.  Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

7. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached an amicable resolution of Plaintiff's claims. The attorneys' fees and costs agreed upon by the parties were negotiated separately and only **after** an agreement on the amount payable to Plaintiff was reached. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiff. **There was no simultaneous negotiation of fees and liability damages**, and therefore no conflict could exist between Plaintiff and her counsel. Because the attorney's fee was negotiated separately from the possible recovery to Plaintiff, no conflict could exist between Plaintiff and her counsel, and this resolution sufficiently resolves all matters before the Court. Accordingly, the Parties do not believe the Court is required to review or evaluate the propriety of that component of the Parties' settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019)

Page 3 of 5
Lindsay Bowes, et al. v. AmCare Senior Life Partners, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-170-JM
Joint Motion for Approval of Settlement and for Dismissal with Prejudice

("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees."). Even so, the settled attorney fee award is deemed to be reasonable by the Parties. Thus, this proposed resolution sufficiently closes all matters before the Court.

8. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

**Page 4 of 5**
**Lindsay Bowes, et al. v. AmCare Senior Life Partners, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-170-JM**
**Joint Motion for Approval of Settlement and for Dismissal with Prejudice**

        Respectfully submitted,

        **LINDSAY BOWES, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        Lydia H. Hamlet
        Ark. Bar No. 2011082
        lydia@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**    **DEFENDANT AMCARE SENIOR LIFE PARTNERS, INC.**

        CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
        500 President Clinton Avenue, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 371-9999
        Facsimile: (501) 371-0035

        */s/ Bonnie J. Johnson*
        Bonnie J. Johnson
        Ark. Bar No. 2005165
        bjohnson@cgwg.com

        Missy McJunkins Duke
        Ark. Bar No. 99167
        mducke@cgwg.com

**Page 5 of 5**
**Lindsay Bowes, et al. v. AmCare Senior Life Partners, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-170-JM**
**Joint Motion for Approval of Settlement and for Dismissal with Prejudice**